| | | | |
|---|---|---|---|
| Case No. | CV 18-8062 FMO ( Ex) | Date | November 6, 2018 |
| Title | Shaqueal Adkins v. The Hertz Corporation, et al. | | |

Present: The Honorable    Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):      Attorney Present for Defendant(s):

None Present      None Present

**Proceedings:**     (In Chambers) Order Re: Motion to Remand

On September 17, 2018, defendant Hertz Corporation ("defendant"), having been sued by Shaqueal Adkins ("plaintiff") in a wrongful termination suit in California state court, filed a Notice of Removal of that action on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332. (See Dkt. 1, Notice of Removal of Action ("NOR") at ¶¶ 1, 7). On October 18, 2018, plaintiff filed a Motion to Remand to Los Angeles Superior Court Pursuant to 28 U.S.C. § 1446(b). (See Dkt. 13, "Motion"). Having reviewed and considered all the briefing filed with respect to the Motion, the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). A defendant sued in state court may remove the case to federal court where diversity of citizenship exists, and the amount-in-controversy exceeds $75,000. See 28 U.S.C. § 1332(a).

A removing defendant bears the burden of establishing that removal is proper. See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-8062 FMO (Ex) | Date | November 6, 2018 |
|---|---|---|---|
| Title | Shaqueal Adkins v. The Hertz Corporation, et al. | | |

jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

On September 10, 2018, plaintiff filed a case management statement in state court. (See Dkt. 16-1, Declaration of Erin Holyoke ("Holyoke Decl.") at Exhibit ("Exh.") A). This case management statement averred that "[p]laintiff seeks general, special and punitive damages exceeding $100,000, plus attorney's fees, costs and expert fees." (Id. at ECF 125). This statement became the basis for defendant's removal of this action to federal court. (See Dkt. 1, NOR at ¶¶ 13-14, 18) (invoking the case management statement as proof that the amount in controversy exceeds $75,000).

In a bid to defeat removal, plaintiff now attempts to disavow her case management statement, arguing that the true amount in controversy is less than $75,000. (See Dkt. 13, Motion at 1) ("That [$100,000] number was not based on any realistic calculations or other matter, and is disavowed."). Plaintiff claims that the $100,000 figured is "[i]nflated." (Id. at 7). According to plaintiff, her "general and special damages" come to "approximately $60,000." (Id. at 9). She further estimates that the damages will increase by another $6,240 prior to trial, which places general and special damages at $66,240, below the $75,001 threshold. (See id.).

However, plaintiff failed to include attorney's fees in her $66,240 damages estimate. (See, generally, Dkt. 13, Motion at 9). Plaintiff claims that the attorney's fees incurred from the time of removal to the present day are $9,360. (See Dkt. 17, Reply to Defendant's Opposition to Plaintiff's Motion to Remand to Los Angeles Superior Court Pursuant to 28 U.S.C. § 1446(b) ("Reply") at 4). If this $9,360 amount is added to $66,240, the resulting value is $75,600, which places the amount in controversy above the $75,000 threshold. Thus, based upon plaintiff's own calculations, she is seeking an amount in controversy sufficient to create diversity jurisdiction. See 28 U.S.C. § 1332(a); Fritsch v. Swift Trans. Co. of Ariz., LLC, 899 F.3d 785, 794 (9th Cir. 2018) ("Accordingly, if the law entitles the plaintiff to future attorneys' fees if the action succeeds, then there is no question that future [attorneys' fees] are 'at stake' in the litigation, and the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy.") (internal citation and quotation marks omitted).

In a final bid to defeat removal, plaintiff claims that defendant's removal was untimely. (See Dkt. 17, Reply at 4). Plaintiff reasons that defendant should have discerned from her Complaint that the amount in controversy was greater than $75,000, even though the Complaint did not specify the amount of damages sought. (See id.). However, the court is not persuaded. Under 28 U.S.C. § 1446(b), there is a 30-day time limit for a defendant to remove an action to federal court. If it is unclear from the face of the complaint whether the action is removable, this 30-day clock does not begin to tick until subsequent filings make it "apparent" that the case is removable. Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 695-96 (9th Cir. 2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-8062 FMO (Ex) | Date | **November 6, 2018** |
|---|---|---|---|
| Title | **Shaqueal Adkins v. The Hertz Corporation, et al.** | | |

Defendant removed the action on September 17, 2018, one week after plaintiff submitted the case management statement specifying that she was seeking more than $100,000 in damages. (See Dkt. 16-1, Holyoke Decl., Exh. A at ECF 125). This was well within the 30-day time limit to remove this case to federal court. See 28 U.S.C. § 1446(b).

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT plaintiff's Motion to Remand **(Document No. 13)** is **denied**.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |